IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID GARLAND ATWOOD II                                                             PETITIONER

VS.                                                         CIVIL ACTION NO. 3:16cv223-DPJ-FKB

CITY OF VICKSBURG                                                                  RESPONDENT

### REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by David Garland Atwood II. In his petition, Atwood seeks to require the City of Vicksburg to bring him to trial on a pending misdemeanor charge. Presently before the Court is the motion of the City of Vicksburg to dismiss. Having considered the petition, motion, and response to the motion, the undersigned recommends that the motion be granted and that the petition be dismissed without prejudice because of Atwood's failure to exhaust his state court remedies.

On July 2, 2011, Atwood was arrested and charged in the Municipal Court of Vicksburg, Mississippi with trespassing. He pleaded not guilty to the charge and was released on bond. Thereafter, he was incarcerated pursuant to a federal conviction. He is currently in the custody of the Bureau of Prisons and is housed at the Federal Correctional Institution in Butner, North Carolina. His scheduled release date is April 2017. The trespassing charge remains pending. Atwood alleges that because of the pending trespass charge, he is ineligible for certain educational and psychological programs at the prison. He also alleges that but for the pending charge, he would

otherwise be eligible for immediate release to a half-way house.

Relief pursuant to § 2241 in the form of an order requiring a state court to bring a defendant to trial is available only where the defendant has exhausted all means of obtaining relief in the state courts. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92; *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). In his filings, Atwood alleges that he has repeatedly tried to have his case brought to trial and that he has appealed to the Mississippi Supreme Court. The documents submitted by Atwood indicate the following: On February 1, 2015, he filed in the Vicksburg Municipal Court a motion requesting that the charges be dismissed because of the denial of his right to a speedy trial or, in the alternative, that he be brought to trial within 120 days. [11] at 7. On April 11, 2016, he filed a motion requesting that the case be set for trial within 30 days. [11] at 9. Also included is an order of the County Court of Warren County dated April 14, 2016, stating that some unspecified request for relief is denied, [11] at 10, and another order by that court, dated May 19, 2016, denying a motion for reconsideration, [11] at 11.

Thus, it appears that Atwood has made demands in the municipal court for a speedy trial and that these demands have been either denied or ignored. However, Atwood has not shown that he has pursued relief in the state's highest court. While his filings include a document purporting to be a notice of appeal to the Mississippi Supreme Court, [11] at 11, it is unsigned and bears no indication that it was ever filed. Furthermore, counsel for Respondent has represented in the motion to dismiss that Atwood has not sought relief from the Mississippi Supreme Court. Finally, a review of the online general docket of the Mississippi Supreme Court confirms that he has never raised

his speedy trial issue with that court.[1]

Because Atwood has failed to present his speedy trial claim to the state's highest court, he has not yet exhausted all possible means of relief in state court. For this reason, the undersigned recommends that the petition be dismissed without prejudice so that

---

[1]The docket reveals numerous matters involving Atwood filed after the date of his trespassing charge. Only one, *In re David Garland Atwood, II, a/k/a David Atwood a/k/a David Garland Atwood*, 2016-M-779, involved the trespassing charge. In that action, Atwood sought recusal of a county court judge who was presumably presiding over an interlocutory appeal of the municipal court's denial of his motions for a speedy trial and for recusal of the municipal court judge. The Supreme Court denied the motion because of Atwood's failure to establish that he had first sought recusal in the county court. As to the other matters filed since the date of his municipal court trespassing charge, the information available online, while not complete, is sufficient to establish that none represents an appeal involving the state's failure to bring him to trial on the trespassing charge. Those actions are as follows: *David Garland Atwood, II v. State of Mississippi*, case no. 2012-CP-902, an appeal of a case originating out of the Circuit Court of Rankin County; *David Garland Atwood, II v. State of Mississippi and Covington County Sheriff's Department*, case no. 2011-M-1894, an interlocutory appeal and petition for a writ of habeas corpus involving a matter in Covington County; *In re David Garland Atwood II*, case no. 2012-M-1214, in which Atwood sought review of a denial of a motion to recuse in a lower court matter; *David Garland Atwood II v. City of Vicksburg, Mississippi*, case no. 2012 AP 1291, in which Atwood successfully sought the appointment of a special judge to preside over a matter pending in the Circuit Court of Warren County; *David Garland Atwood, II a/k/a David Atwood a/k/a David Garland Atwood v. City of Vicksburg, Mississippi, Warren County Judge, Johnny Price*, case no. 2012-M-1971, in which Atwood sought recusal of a county court judge in a civil matter; *David Garland Atwood, II v. Vivian Quinn Atwood*, case no. 2013-AP-101, in which Atwood sought and obtained the appointment of a special judge to preside over a civil action in the County Court of Warren County; *In re David Atwood*, case no. 2013-M-946, an action for a writ of mandamus compelling a county court judge to rule in a civil action; *David Garland Atwood, II a/k/a David Atwood a/k/a David Garland Atwood*, case no. 2013-TS-1262, a post-conviction action; *In re David Garland Atwood, II a/k/a David Atwood a/k/a David Garland Atwood*, case no. 2014-M-259, an action for a writ of mandamus seeking issuance of process in a civil matter in the County Court of Warren County; and *In re David Garland Atwood, II*, case no. 2014-M-712, in which Atwood sought a writ of mandamus regarding a replevin action in the Justice Court of Covington County, Mississippi.

Atwood may pursue his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of August, 2016.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE